UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

NAINESHKUMAR PATEL,

                                 Defendant.
------------------------------------------------------------X

**ORDER**

24-CR-00099 (PMH)

PHILIP M. HALPERN, United States District Judge:

On January 31, 2025, Defendant Naineshkumar Patel, proceeding *pro se*, filed a motion for compassionate release ("Motion") pursuant to 18 U.S.C. § 3582(c)(1)(A) on the grounds that his medical condition constitutes an extraordinary and compelling reason for a reduction in his sentence. (Doc. 106).[1] On February 5, 2025, the Court directed the Government to file a response to the Motion. (Doc. 107). The Government submitted its response to the Motion under seal on February 18, 2025.

For the reasons set forth below, the Court concludes that Defendant has failed to establish the existence of extraordinary and compelling reasons to warrant a sentence reduction, and consideration of the factors set forth in 18 U.S.C. § 3553(a) does not warrant the relief requested. Accordingly, the Motion is DENIED.

## BACKGROUND[2]

From approximately February 2023 through September 2023, Defendant and others conspired to operate and did operate an unlicensed money transmitting business. The business had

---

[1] Citations to this document correspond to the pagination generated by ECF.

[2] The Court draws the background facts principally from the Presentence Investigation Report, revised June 17, 2024, prepared in this case in connection with Defendant's sentencing ("PSR"); and the sentencing transcript (Doc. 103, "Sent. Tr.").

1

two sets of customers: (i) customers seeking to transfer money to individuals in India without using the regulated banking system; and (ii) customers seeking to convert cryptocurrency into cash. In April 2021, law enforcement identified a vendor on the dark web who was offering a service to convert cryptocurrency into cash. The vendor, for a fee, would accept cryptocurrency from a customer, and then convert that cryptocurrency into cash that would be shipped in United States Postal Service packages back to the customer. The vendor informed an undercover officer in an online chat that the cryptocurrency-for-cash customers included drug dealers and computer hackers.

Defendant and others would collect cash from individuals who were seeking to transfer money to individuals in India without using the regulated banking system. Beginning in February 2023, law enforcement surveilled and recorded the cash deliveries made to a confidential source. From February 10, 2023 through September 27, 2023, the confidential source participated in 80 controlled pick-ups of cash totaling $15,067,000 from Defendant and his co-conspirators. On several occasions, Defendant picked up cash from an individual in South Carolina and brought the cash to the New York area to the confidential source. These in-person cash exchanges between Defendant and the confidential source involved coded language and tradecraft to conceal their activity and to verify the transmission of the correct amount of cash to the correct recipient. Of the approximately 80 controlled pick-ups conducted as part of the confidential source's cooperation with the investigation, Defendant participated in approximately five cash exchanges involving a total of approximately $1,453,750 in cash. Specifically, Defendant delivered cash to the confidential source on approximately four occasions, totaling approximately $1,124,150, and he coordinated the delivery of cash to the confidential source by others on one occasion, totaling approximately $329,600.

On February 22, 2024, Defendant pled guilty to Counts One and Two of an Information charging him with conspiracy to operate an unlicensed money-transmitting business and operating an unlicensed money-transmitting business, in violation of 18 U.S.C. § 371 and 18 U.S.C. § 1960. On August 6, 2024, Defendant appeared before this Court for sentencing. Defendant's Sentencing Guidelines Range was calculated at 18-24 months' imprisonment. Defendant argued that his background, the circumstances of the crime, his immediate acceptance of responsibility, and his medical condition warranted a downward variance of a time served sentence or, alternatively, that any sentence of incarceration be served at his home. (Sent. Tr. at 9-17). With respect to Defendant's medical condition, the PSR stated that he was diagnosed with sinus cancer in 2018, his treatment was changed from chemotherapy to immunotherapy called Nivolumab in December 2018, his cancer was in remission, he would continue monthly Nivolumab infusions indefinitely to reduce the chance of recurrence of his cancer, and his prognosis was good as he had not shown any evidence of the disease for several years. (PSR ¶ 58). After addressing the nature and circumstances of the offense, and the history and characteristics of the defendant, the Court sentenced Patel to a below-Guidelines term of twelve months and one day of imprisonment on Counts One and Two to be served concurrently, to be followed by a term of two years of supervised release on Counts One and Two to also run concurrently. (Sent. Tr. at 18-25). Patel's projected release date is June 29, 2025. Federal Bureau of Prisons, *Inmate Locator*, (https://www.bop.gov/mobile/find_inmate/index.jsp#inmate_results (last visited February 25, 2025)).

On October 7, 2024, Defendant began serving his sentence at Federal Medical Center ("FMC") Butner. One month later, on November 5, 2024, Defendant made a request for a reduction in sentence to the warden of FMC Butner based on his medical condition. (Doc. 106 at 12). On

3

November 22, 2024, the warden denied the request after determining, in consultation with medical personnel at the facility, that the defendant "do[es] not have a terminal illness," is "independent with [his] self-care," and "do[es] not meet the age or time-served criteria for Elderly with Medical Conditions." (Doc. 106 at 15; *see also* Doc. 106-2 at 18. After exhausting his administrative remedies, on January 31, 2025, less than four months after the commencement of his sentencing, Defendant filed the Motion seeking compassionate release.

## STANDARD OF REVIEW

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011).[3] Compassionate release is one of the limited exceptions enumerated in 18 U.S.C. § 3582(c). Under the First Step Act, "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal [or] a failure of the [BOP] to bring a motion on the defendant's behalf," a court may reduce a defendant's sentence, on a defendant's motion, if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). "The moving party bears the burden of proving that extraordinary and compelling reasons exist." *United States v. Rodriguez*, No. 19-CR-00012, 2020 WL 2787629, at *3 (S.D.N.Y. May 28, 2020).

"[T]he existence *vel non* of extraordinary and compelling reasons determines only whether a defendant can be considered for release—the existence of such reasons does not mandate release." *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020); *see also United*

---

[3] Unless otherwise noted, all case quotations omit internal quotation marks, citations, alterations, and footnotes.

4

*States v. Israel*, No. 05-CR-01039, 2019 WL 6702522, at *11 (S.D.N.Y. Dec. 9, 2019) ("A court is not required to reduce a sentence on compassionate release grounds, even if a prisoner qualifies for such reduction because of his medical condition. . . . [Section 3582] was drafted using the word 'may,' not 'must.'"). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

The statutory scheme thus requires first that a court determine that a defendant has exhausted his administrative remedies, that "extraordinary and compelling" reasons exist for a reduction in sentence, and that such reduction is consistent with the applicable policy statements issued by the Sentencing Commission. Once these elements are met, the Court must then consider and determine whether the § 3553(a) factors support early release. Application of the § 3553(a) factors requires an assessment of whether the relevant factors "outweigh the extraordinary and compelling reasons warranting compassionate release . . . [and] whether compassionate release would undermine the goals of the original sentence." *Ebbers*, 432 F. Supp. 3d at 431. Those factors include, among others: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," and (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense . . . [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a).

## ANALYSIS

Defendant is not entitled to a sentence reduction because he has failed to establish the existence of extraordinary and compelling reasons, and consideration of the factors set forth in 18 U.S.C. § 3553(a) does not warrant the relief requested.

With respect to "extraordinary and compelling reasons," 18 U.S.C. § 3582(c)(1)(A)(i), the Sentencing Commission has issued a Policy Statement setting forth certain definitions. U.S.

Sentencing Guidelines Manual § 1B1.13(b)(1)-(6);[4] *see Ebbers*, 432 F. Supp. 3d at 426. Defendant generally alleges that: (i) he suffers from a terminal illness; (ii) his medical condition substantially diminishes his ability to provide self-care within the facility and he is not expected to recover from the condition; and (iii) his medical condition requires long-term or specialized medical care that is not being provided and without which he is at risk of serious deterioration in health or death. (Doc. 106 at 29-30).

Defendant does not allege that his medical condition has materially changed since the date of his sentencing. In fact, Defendant's Motion and the accompanying medical records confirm that he is receiving immunotherapy as well as care for side effects of the immunotherapy at FMC Butner, such as dry skin and weight loss. (*See, e.g.*, Doc. 106-1 at 27-29; Doc. 106-2 at 5; Doc. 106-3 at 7-8; Doc. 106-6 at 1-2). Defendant's family members similarly confirm that he is receiving medical treatment at the facility, although they understandably are concerned that "separation and diet changes might negatively impact his health." (Doc. 106 at 22; *see also* Doc. 106 at 21). Nonetheless, Defendant's cancer that is in remission and being treated at the facility does not constitute extraordinary and compelling reasons justifying his request for a sentence reduction. *See United States v. Anderson*, No. 18-CR-00071, 2021 WL 776975, at *3 (W.D.N.Y. Mar. 1, 2021) (holding that defendant's cancer in remission is not an extraordinary and compelling reason for a reduction in sentence); *accord United States v. Zubkov*, 460 F. Supp. 3d 450, 455 (S.D.N.Y. 2020) (denying compassionate release to inmate who "appears to have received proper medical attention and care").

---

[4] Where, as here, the motion is brought by a defendant as opposed to the BOP Director, the Court is not constrained to the definitions set forth in the policy statement, and has discretion "to determine what reasons, for purposes of compassionate release, are extraordinary and compelling." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

Moreover, granting Defendant a reduction in sentence would be neither "consistent with the applicable policy statement issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A)(i), nor supported by the "factors set forth in section 3553(a)," *id.* § 3582(c)(1)(A). Thus, even if the Court found Defendant's application sufficient to establish "extraordinary and compelling" reasons, and consistent with the Sentencing Commission's policy statement, the Court's determination must then also be supported by the "factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A). This, the Court cannot do.

The Section 3553(a) factors do not support early release. These factors, such as "the nature and circumstances of the offense" and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . [and] to afford adequate deterrence to criminal conduct" weigh against his early release. 18 U.S.C. § 3553(a). "Court[s] should be wary of using [a] motion [for compassionate release] to 'correct' the sentencing court's original judgment or introduce unprincipled variance into the execution of duly-imposed sentences . . . ." *Ebbers*, 432 F. Supp. 3d at 430.

The Court imposed a sentence below the Sentencing Guidelines Range. At this time, Defendant has served less than half of that sentence. Release at this relatively early stage would not reflect the seriousness of Defendant's conduct, nor would it promote the need for deterrence. For the reasons stated in detail at Defendant's sentencing, which the Court incorporates by reference, a sentence of twelve months and one day of imprisonment was necessary to achieve those goals. Moreover, Defendant has not shown any reason that the sentence imposed by the Court is no longer sound. Indeed, the sentence fully accounted for the arguments Defendant now raises. At Defendant's sentencing the Court was aware of, and fully considered, Defendant's

medical condition as a mitigating factor. (Sent. Tr. at 15:20-16:14; 21:17-22:1). Simply put, the sentence imposed on August 6, 2024 remains the appropriate sentence today.

## CONCLUSION

Accordingly, Defendant's Motion is DENIED. The Clerk of Court is respectfully directed to terminate the pending motion (Doc. 106), and to mail a copy of this Order to Defendant at # 83011-510, FMC Butner, P.O. Box 1600, Butner, North Carolina 27509.

SO ORDERED:

Dated: White Plains, New York
March 3, 2025

Philip M. Halpern
United States District Judge

8